UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

AKSHAT PRAJAPATI,

Petitioner,

v.

CHRISTOPHER J. LAROSE, Warden, of
Otay Mesa Detention Center;
et al.,

Respondents.

Case No.:  26cv1209-LL-BJW

**ORDER DENYING PETITION FOR
WRIT OF HABEAS CORPUS
UNDER 28 U.S.C. § 2241**

[ECF No. 1]

Before the Court is Petitioner Akshat Prajapati's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1 ("Pet."). Respondents filed a Return [ECF No. 4], and Petitioner filed a Traverse [ECF No. 5]. For the reasons set forth below, the Court **DENIES** the Petition.

I.      **BACKGROUND**

Petitioner is a citizen of India who initially entered the United States in August 2023 on an F-1 student visa. Pet. ¶¶ 1-2. Petitioner alleges that "due to difficulties in India, he was not able to continue to pay tuition." *Id.* This put his student visa in jeopardy and his visa was canceled for lack of payment of tuition on March 21, 2024. *Id.*; *see also* Return at

1

2 (citing Form 1-213, Exhibit 1). Before his visa expired, Petitioner filed for asylum and that application is still pending. Pet. ¶ 2; *see also* Return at 2. Petitioner has also applied for and received work authorization. Pet. ¶ 2. Petitioner states that he has found a place to live and has integrated himself into the local community. *Id.* ¶ 3. "He began working for Subway and eventually became a regional manager," and also "worked for UBER to supplement his income." *Id.* On November 30, 2025, Petitioner was driving north from San Diego back to Los Angeles and picked up an "Uber fare." *Id.* ¶ 4. When he arrived to drop off his customer at Camp Pendleton, he was apprehended and detained. *Id.*

On February 25, 2026, Petitioner filed the instant Petition. Pet. He seeks a writ of habeas corpus directing Respondents to release him from custody. *Id.* at 20. Petitioner alleges that his detention "without an individualized determination violates the Due Process Clause of the Fifth Amendment and the Administrative Procedures Act." *Id.* He also seeks that the Court declare his "warrantless arrest and detention an unreasonable and unlawful seizure in violation of the Fourth Amendment." *Id.* Finally, Petitioner seeks an order "prohibiting Respondents from enrolling Petitioner in any Alternatives to Detention program." *Id.*

Respondents state in their Return that Petitioner has already received a bond hearing and that a determination has already been made that he is a "flight risk." Return at 2 (citing Ex. 2, December 19, 2025 Order of the Immigration Judge. Respondents argue that "given that Petitioner received an individualized bond hearing" he has already received the due process to which he is entitled." *Id.* at 3.

## II.    LEGAL STANDARD

A district court may grant a writ of habeas corpus when a petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c); *Magana-Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999) ("28 U.S.C. § 2241 expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.'"). In federal habeas proceedings, the petitioner bears the burden of proving his case

26cv1209-LL-BJW

by a preponderance of evidence. *Lambert v. Blodgett*, 393 F.3d 943, 970 n.16 (9th Cir. 2004); *Bellew v. Gunn*, 532 F.2d 1288, 1290 (9th Cir. 1976) (citations omitted).

## III.   DISCUSSION

Petitioner contends that he was illegally detained and must be released. Petitioner states that "the government admitted [Petitioner] into the United States on a visitors visa" and "prior to its expiration, he filed for asylum and was allowed to remain at liberty." Traverse at 13. Petitioner alleges that "when ICE detained [Petitioner] no one articulated what change in individual circumstances had led the agency to find that he was now a flight risk or a danger to the community." *Id.* Accordingly, Petitioner argues that "the government's actions violate the Administrative Procedures Act and Due Process." *Id.* Notably, none of the cases that Petitioner relies on in his Petition or Traverse are in the context of a Petitioner who had an expired F-1 visa. Rather, the cases that Petitioner relies on are in the context of petitioners who had previously been granted parole. *See* Traverse at 16-17 (citing *Espinoza v. Kaiser*, 2025 WL 2675785 at *9 (E.D. Cal. 2025); *Fernandez Lopez v. Wofford*, 2025 WL 2959319, at *4-5 (E.D. Cal. 2025); *Noori v. Larose*, 2025 WL 2800149, *4, 9-10 (S.D. Cal. 2025)). Additionally, Respondents state that Petitioner has already been given an individualized bond hearing, and that Petitioner was denied bond because the Immigration Judge found that he was a flight risk. *See* ECF No. 4 at 9 (December 19, 2025 Order of Immigration Judge). Accordingly, the Court **DENIES** Petitioner's Petition on the grounds that there is no authority that Petitioner has presented or that the Court is aware of that would entitle Petitioner to immediate release or the other relief requested in the Petition given the facts of this case.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

26cv1209-LL-BJW

## IV.   CONCLUSION

For the reasons stated herein, the Court **DENIES** Petitioner's Petition for Writ of Habeas Corpus.

**IT IS SO ORDERED.**

Dated:  March 24, 2026

_____

Honorable Linda Lopez
United States District Judge

26cv1209-LL-BJW